5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Paul HODGE, Appellant.
 No. 93-2143.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 7, 1993.
Filed: September 28, 1993.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Paul Hodge appeals the 60-month mandatory minimum sentence imposed by the district court[1] upon Hodge's guilty plea to conspiracy to distribute controlled substances in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Hodge raises quantity issues. We affirm.
 
 
 2
 Hodge pleaded guilty to conspiracy to distribute cocaine and methylene dioxy methamphetamine (ecstasy). The presentence investigation report (PSIR) suggested a base offense level of 26, a three-level reduction for acceptance of responsibility for an adjusted offense level of 23, and a criminal history category of I. While the resultant Guidelines range was 46 to 57 months, Hodge was subject to a mandatory minimum sentence of 60 months under 21 U.S.C. Sec. 841(b)(1)(B)(ii)(I), because a half kilo of cocaine was attributed to him.
 
 
 3
 At sentencing, Hodge objected to the manner in which the probation officer determined the marijuana equivalent of the quantities of ecstasy asserted in the PSIR. Hodge asserted the average dosage unit should be 50 milligrams, rather than the government's suggested 100 milligrams. After hearing testimony from expert witnesses provided by Hodge and the government, the court found that the government had established its theory concerning the quantity of ecstasy by a preponderance of the evidence, particularly because the government's chemist had tested a large sample of drugs which originated in the same region where Hodge engaged in drug transactions. The court attributed 22,800 tablets of ecstasy to Hodge, and he does not dispute this figure.
 
 
 4
 Hodge also objected to attributing to him one-half kilogram of cocaine contending that another individual had purchased it. The half kilo of cocaine triggered the mandatory minimum sentence. Both Pat Thrash (who testified he was the defendant's supplier of ecstasy) and Hodge testified regarding the particular cocaine transaction. The transaction occurred in a hotel room, to which Hodge brought a friend, "Mac," who purchased one-half kilogram of cocaine from Thrash. The court held that the one-half kilogram of cocaine was includable under U.S.S.G. Sec. 1B1.3(a)(1)(A) as an act aided and abetted by Hodge. The court noted that while Hodge was not financially interested in the transaction, it was foreseeable that Thrash would sell this quantity to Mac, and that Hodge induced, procured, and aided the transaction. The court imposed the mandatory minimum 60 months imprisonment, four years supervised release, and a $5,000 fine.
 
 
 5
 On appeal, Hodge argues the district court erred in attributing the one-half kilogram of cocaine to him as relevant conduct under U.S.S.G. Sec. 1B1.3, and in finding the government proved by a preponderance of the evidence that the average dosage unit of ecstasy was 100 milligrams.
 
 
 6
 The Guidelines provide that a defendant's offense level shall be determined in part on the basis of "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." U.S.S.G. Sec. 1B1.3(a)(1)(A). We review for clear error the district court's finding that the government proved by a preponderance of the evidence that Hodge aided and abetted the one-half kilogram cocaine transaction. See United States v. Lewis, 987 F.2d 1349, 1355 (8th Cir. 1993) (rejecting defendant's argument that he merely introduced two participants in cocaine transaction who then negotiated between themselves).
 
 
 7
 Here, Thrash testified that Hodge often brought along third parties who would purchase cocaine from Thrash while Hodge purchased ecstasy from him. Thrash testified that Hodge called him and said he was bringing Mac, who had a lot of money and would be purchasing a lot of cocaine. Hodge testified that Thrash would not have met with Mac unless it was through him, and that he was present at the meeting. Hodge also testified that he wanted Mac to buy cocaine from Thrash so that Mac could act as an ecstasy courier for Hodge in the future. The district court determined that Hodge aided and abetted the transaction under section 1B1.3(a)(1)(A). As the government notes, we have held that the elements of aiding and abetting include "(1) that the defendant associated himself with the unlawful venture; (2) that he participated in it as something he wished to bring about; and (3) that he sought by his actions to make it succeed." United States v. Lanier, 838 F.2d 281, 284 (8th Cir. 1988) (per curiam). Under these circumstances, we believe the district court's attribution to Hodge of the one-half kilogram of cocaine was not clearly erroneous.
 
 
 8
 Because the resolution of the cocaine quantity issue determines the propriety of the sentence appealed from, we see no need to resolve the average dose of ecstasy dispute.
 
 
 9
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas